UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MALDONADO,<br><br>                        Petitioner,<br><br>        v.<br><br>JANET NAPOLITANO, et als ,<br><br>                       Respondents. | Civil No.   11cv2341-AJB(BLM)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On October 6, 2011, Petitioner, a detainee in the custody of the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a return to the petition on January 13, 2012. Petitioner filed a reply on February 6, 2012. After a thorough review of the papers and applicable law, the Court DENIES the petition for writ of habeas corpus.

**Background**

The Court recites the background facts in the order denying Petitioner's prior petition for writ of habeas corpus in case no. 10cv1014-AJB(BLM).[1] (Dkt. No. 22 at 1-5.)

> Petitioner is a native and citizen of Honduras who entered the United States without inspection prior to 1996. (Pet., Ex. C.) On October 4, 1995, he married in the United States. (Pet., Ex. A.) On November 30, 1995, Petitioner was convicted of misdemeanor battery on his spouse and placed on probation for three years. (Pet., Ex. B; Resp't Ex. 39.) On September 29, 1995, the INS placed Petitioner in deportation proceedings. (Resp't Ex. 39.) On December 1, 1995, the IJ granted his request to depart the United States voluntarily before June 3,

---

[1] On November 3, 2011, this case was transferred to the undersigned judge under the Low Number Rule as both cases appeared to involve the same or substantially the same parties, legal issues and/or facts. (Dkt. No. 2.)

1996 in lieu of an order of deportation. (Resp't Ex. 39.)  Petitioner did not appeal to the Board of Immigration Appeals ("BIA") and he did not depart the United States, so his deportation order became effective and final on June 3, 1996. (Resp't Ex. 37.)  On December 13, 1996, Petitioner was deported to Honduras. (Resp't Ex. 39.)

In January 1997, Petitioner unlawfully returned to the United States by entering without inspection. (Pet., Ex. C; Resp't Ex 37.)  On March 3, 2003, Petitioner was convicted of a misdemeanor of Driving Under the Influence. (Resp't Ex. 5.)

Around June 22, 2001, Petitioner filed an application for temporary protected status ("TPS") which the INS approved. (Pet., Ex. C; Resp't Exs. 1-4.)  Because of the two misdemeanor convictions, on April 19, 2007, the DHS withdrew his TPS status. (Pet., Ex. B; Resp't Exs. 5-6.)  On August 24, 2007, the superior court vacated Petitioner's plea of his 1995 criminal case as legally invalid. (Pet., Ex. B; Resp't Exs. 7-8.)  Petitioner filed an appeal regarding the withdrawal of his TPS. (Pet., Ex. B.)  On October 5, 2007, the DHS denied the appeal. (Pet., Ex. B; Resp't Exs. 10-12.)

On July 31, 2008, Petitioner was arrested for disorderly conduct/public intoxication in violation of California Penal Code section 647(f). (Resp't Ex. 37.) He was transferred into the custody of ICE on that same day and placed him in removal proceedings. (Resp't Ex. 37.)  On September 18, 2008, the IJ granted DHS's motion and terminated removal proceedings in order for the DHS to reinstate the prior 1995 order of deportation to Honduras. (Resp't Exs. 16, 37.) However, in response to the Court's request for additional documents, it was realized that Respondents have not yet reinstated the 1996 deportation order. (Gov't Response filed on 7/29/11, Dkt. No. 20.)  On July 30, 2011, Respondent filed a first supplemental lodgment informing the Court that on July 29, 2011, DHS reinstated the prior deportation order. (Dkt. No. 21; Ex. 58.)

On September 26, 2008, Petitioner filed an appeal before the BIA arguing that his prior removal order should not have been reinstated and that he should have been considered for TPS and Adjustment of Status. (Pet. Suppl. Brief at 7; Resp't Ex. 37.)  On February 10, 2009, the BIA dismissed the appeal. (Resp't Exs. 13, 37.) On February 23, 2009, Petitioner petitioned for review of the BIA's decision and motion for stay before the Ninth Circuit Court of Appeals in <u>Maldonado v. Holder</u>, No. 09-70515. (Resp't Exs. 13, 27.)  The stay of removal was granted. (Resp't Ex. 37.)  On July 1, 2009, the Ninth Circuit dismissed the petition for lack of subject matter jurisdiction because its direct review of immigration cases is limited to a review of final orders of removal. (Resp't Exs. 13-14.)  A stay of removal was in effect from February 23, 2009 until August 28, 2009. (Resp't Exs. 27-28.)

In August 2009, Petitioner moved the BIA to reopen his previous 1995 deportation proceedings based on ineffective assistance of counsel. (Pet. at 7; Pet. Suppl. Brief at 10.)  On September 10, 2009, the BIA denied the August 2009 motion to reopen for lack of jurisdiction because jurisdiction to review any such motion remained with the IJ because no appeal was taken from the IJ's December 1, 1995 decision finding Petitioner removable. (Resp't Exs. 18, 37.)  On September 18, 2009, he filed a petition for review of the BIA's decision and motion for stay with the Ninth Circuit in <u>Maldonado v. Holder</u>, No. 09-72975 to review the BIA's decision. (Resp't Ex. 32.)  On April 14, 2010, the Ninth Circuit denied the petition for review upholding the BIA's decision and dismissed the remaining claims of ineffective assistance of counsel, eligibility for cancellation of removal, whether petitioner is still a candidate for TPS and whether the prior

deportation in 1995 was valid because he failed to exhaust his administrative remedies. (Resp't Exs. 18-19.) A stay of removal was in effect from September 18, 2009 until June 7, 2010. (Resp't Ex. 32.)

On September 14, 2009, the IJ held a bond hearing and determined that, because Petitioner was subject to a final order of removal that was not subject to judicial review, there was no jurisdiction to conduct bond review pursuant to Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008) and/or Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). (Resp't Ex. 16.) He appealed the IJ's decision. (Resp't Ex. 16.) On January 27, 2010, the BIA upheld the IJ's decision and dismissed the appeal. (Resp't Exs. 16-17.)

On October 7, 2009, Petitioner moved the IJ to reopen the proceedings. (Pet. at 7.) On November 9, 2009, the IJ denied the motion to reopen as untimely. (Pet. at 7; Resp't Ex. 21.) The IJ specifically concluded that Petitioner did not voluntarily depart within the time allowed in December 1, 1995 and the motion was untimely and would not be equitably tolled because he did not show that he acted with due diligence in pursuing his claim regarding ineffective assistance of counsel. (Pet. Supp. Brief at 11.) He appealed the IJ's decision to the BIA. (Pet. at 7.) On April 13, 2010, the BIA upheld the IJ's decision denying his motion to reopen an order of deportation for failing to show that he exercised due diligence in pursuing his ineffective assistance of counsel claim. (Resp't Exs. 20-22.) On April 21, 2010, Petitioner petitioned for review of the BIA decision and motion for stay before the Ninth Circuit in Maldonado v. Holder, No. 10-71252. (Resp't Ex. 36.) On June 15, 2010, the Ninth Circuit found the petition for review to be appropriate for summary dismissal and set a briefing schedule for an order to show cause why the petition should not be summarily denied. (Resp't Ex. 23.) On August 26, 2010, the Ninth Circuit granted respondent's motion for summary disposition. (Resp't Suppl. Brief, Ex. 46-48.) The Court also held that the agency did not abuse its discretion in denying the untimely motion to reopen because Petitioner failed to show he acted with due diligence in pursuing his ineffective assistance of counsel claim. (Id.) Lastly, the Court concluded it lacked jurisdiction to review the claim that the BIA abused its discretion in refusing to reopen proceedings *sua sponte*. (Id.) A stay of removal was in effect from April 21, 2010 until December 30, 2010. (Resp't Suppl. Brief, Exs. 43-44.)

In July 2010, Petitioner filed a motion to reopen with the BIA with new evidence and new arguments. (Pet. Suppl. Brief at 13.) On December 13, 2010, the BIA construed Petitioner's motion as one for reconsideration of the BIA's decision on April 13, 2010. (Pet'r Suppl. Brief at Doc. 16-1 at 2-3.) The BIA first stated that the such a motion for reconsideration was untimely and alternatively, that on previously raised issues, Petitioner has not identified any error of fact or law in the BIA's previously detailed decision. (Id.) Further, the BIA concluded the motion to reopen was untimely and he had not presented any exception to the filing requirements imposed on motion to reopen removal proceedings; and has not demonstrated an exception situation for *sua sponte* reopening under 8 C.F.R. § 1003.2(a). (Id.) In conclusion, the BIA denied Petitioner's motion to reopen and a request for a stay of deportation. (Id.)

On December 29, 2010, Petitioner filed another petition for review of the BIA's denial of a motion to reopen and motion for stay in Maldonado-Aguilar v. Holder, No. 10-73937. (Id., Ex. 50.) On July 6, 2011, the Ninth Circuit issued an order similar to the one filed on August 26, 2010. The Court also held that the agency did not abuse its discretion in denying the untimely motion to reopen because Petitioner failed to show he acted with due diligence in pursuing his ineffective assistance of counsel claim. (Ninth Circuit PACER, 10-73937, July 6, 2011.)

1 | 2 | 3

> The Court also held it lacked jurisdiction to review the claim that the BIA abused its discretion in refusing to reopen proceedings *sua sponte*. (Id.)  In conclusion, the Ninth Circuit stated, "[t]he temporary stay of removal will terminate upon issuance of the mandate." (Id.)

On May 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court in case no. 10cv1014-AJB(BLM).  (10cv1014-AJB(BLM), Dkt. No. 1.)  On August 3, 2011, the Court denied the petition for writ of habeas corpus.  (Id., Dkt. No. 22.)  On October 6, 2011, Petitioner filed the instant petition for writ of habeas corpus.  (Dkt. No. 1.)  Respondent filed a return and Petitioner filed a reply.  (Dkt. Nos. 4, 5.)

**Discussion**

Petitioner alleges three claims in his petition.  First, he seeks to challenge the July 29, 2011 reinstatement of a previous deportation order by the DHS.  Second, he requests that the Court grant him cancellation of removal under INA § 240A(b)(1).  Third, he argues that he should be released from detention.

**A.    July 29, 2011 Reinstatement Order**

Petitioner challenges the July 29, 2011 reinstatement order of his 1996 deportation order. Respondent argues that the Court does not have jurisdiction to address this issue.

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney's General's authority" to detain a removable alien under the general detention statutes. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).  The REAL ID Act of 2005 amended the Immigration and Nationality Act ("INA") and vests jurisdiction over final removal orders with the court of appeals.  Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006).  Reinstatement orders qualify as an order of removal that can only be challenged in a petition for review with the Ninth Circuit.  Morales-Izquierdo v. Dept. of Homeland Sec., 600 F.3d 1076, 1082 (9th Cir. 2010); Gallo-Alvarez v. Ashcroft, 266 F.3d 1123, 1127 (9th Cir. 2001).

The Court concludes that it does not have jurisdiction to review the July 29, 2011 reinstatement order.  It appears that Petitioner has already filed a petition for review before the Ninth Circuit regarding the reinstatement order in Maldonado v. Holder, case no. 11-72492, filed on August 24, 2011.  (Resp't Exs. at 58-61.)  Therefore, transfer of this case to the Ninth Circuit is not

necessary.

**B.      Cancellation of Removal**

Petitioner asks the Court to grant his request for cancellation of removal pursuant to INA § 240A(b)(1), also known as 28 U.S.C. § 1229b(b)(1), because he meets the standard having accrued more than 10 years of a physical presence since his last entry into the United States. He also claims that since he previously had TPS status for over seven years, he meets the standard for cancellation of removal. Respondent argues that the Court lacks authority to cancel removal and adjust status.

The Attorney General, not the district court, has the authority to cancel removal and adjust status in a case. 8 U.S.C. § 1229b(b)(1).[2] Accordingly, the Court DENIES Petitioner's request for cancellation of removal.

**C.      Release from Custody**

Petitioner seeks release from custody and cites to <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011). The Ninth Circuit, in <u>Diouf</u>, held that an alien who is facing a prolonged detention under 8 U.S.C. § 1231(a)(6) is entitled to a bond hearing before an immigration judge and entitled to be released on bond unless the government establishes that he is a flight risk or a danger to the community. <u>Diouf</u>, 634 F.3d at 1091.

On November 29, 2011, Petitioner received a bond hearing and the immigration judge set bond at $5,000. (Resp't Exs. at 63.) It does not appear that Petitioner challenges the bond hearing. In his reply, Petitioner acknowledges that he was granted bond pursuant to <u>Diouf</u>. (Reply at 5.) Accordingly, Petitioner has failed to show he is entitled to be released, and the Court DENIES his request to be released from custody.

/ / / /

/ / / /

---

[2]The Court also notes that "[t]he reinstatement of a prior removal order bars an alien from applying for "any relief" from removal for which he or she might previously have been eligible." <u>Morales-Izquierdo</u>, 600 F.3d at 1080 (<u>citing</u> INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (concluding that once petitioner's removal order was reinstated, he was no longer eligible for "relief" in the form of adjustment of status-even if he could obtain a Form I-212 waiver). Since the reinstatement order was reinstated and still valid, Petitioner cannot seek a cancellation of removal.

1 | / / / /

**Conclusion**

Based on the above, the Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

DATED:  April 17, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge